IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARTIN ROBERSON                                                                              PLAINTIFF

V.                                                               CAUSE NO. 3:13-CV-346-CWR-FKB

UNITED STATES OF AMERICA                                                           DEFENDANT

**ORDER**

Before the Court are motions by the United States to strike an untimely expert designation and for summary judgment. The motions are fully briefed. Having considered the evidence, arguments, and applicable law, the Court will grant the motion to strike and defer ruling on the motion for summary judgment pending receipt of further documentation.

**I.      Factual and Procedural History**

On September 23, 2007, Martin Roberson, a federal inmate, injured his left knee during a recreational activity. Docket No. 1, at 2. He was treated that day and afterward, but was not seen by a specialist until December 6, 2007, and did not receive reconstructive surgery until February 13, 2008. *Id.* Roberson claims that the government's delay in providing specialist care and surgery was negligent, causing permanently compromised knee function. *Id.*; *see also* Docket No. 36, at 2-3 (First Amended Complaint).

Roberson designated Dr. Theodore Okechuku as an expert witness on December 4, 2013. Docket No. 16. That was timely. Roberson made another timely expert designation on July 9, 2014, to name Dr. Daniel Dare. Docket No. 39. Both are treating physicians. In response to those designations, the government timely designated its expert. Docket No. 49.

The United States complains about Roberson's third and final expert designation, that of treating physician Dr. Michael Winkelmann. Docket No. 58. That designation was stamp-filed on October 28, 2014, five days after the close of discovery.[1]

## II. Present Arguments

The government contends that the third expert designation is untimely, prejudicial, and "only made" because Dr. Dare's October 15 deposition testimony, taken one week before the close of discovery, did not support Roberson's claim. Docket No. 61, at 5. (Dr. Dare testified that one of Roberson's injuries was "synovial thickening and scar" – also known as plica – which could have occurred as a result of the recreational injury alone, not necessarily because of a delay in treatment. Docket No. 63-2, at 7.) The government then argues that there is no expert testimony that Roberson's injuries were caused by the government's negligence. Docket No. 61, at 6-7.

Roberson acknowledges that the third expert designation was "prompted by" Dr. Dare's somewhat unfavorable deposition testimony, but says the designation is important, occurred before the discovery deadline, and has not prejudiced the government. Docket No. 63, at 2. As for summary judgment, Roberson argues that the government failed to provide for his "postoperative physical therapy rehabilitation" needs *after* the February 2008 surgery.[2] *Id.* at 4. Dr. Winkelmann would testify to Roberson's ongoing physical therapy needs, Roberson says, including the standard of care and causation. *Id.* at 5-6.

---

[1] It is not clear when the document was mailed. One date in the document says it was mailed on October 14; another says October 20. The United States claims it received the designation on October 22, 2014, the day before the discovery deadline. Docket No. 61, at 1. The Court need not resolve the dispute. It is enough to say that the document was mailed approximately three months after the expert designation deadline and a handful of days before the discovery deadline.

[2] The briefing reveals that Roberson's theory of the case has changed. In his administrative complaints [Docket No. 14-2, at 32-36], SF-95 [Docket No. 14-2, at 2-6], complaint and amended complaint [Docket Nos. 1 and 36], and interrogatory responses [Docket No. 65-1, at 2-3, 9], the theory of liability revolved around an unnecessary delay between Roberson's injury and the restorative surgery. Since Dr. Dare's deposition, however, the theory of liability has centered on a failure to provide physical therapy. Docket No. 63.

### III. Legal Standard

Motions to strike untimely expert designations are governed by a four-factor test. The Court is to evaluate: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (citation omitted) (affirming trial court's decision to exclude late expert testimony).

### IV. Analysis

The late designation of Dr. Winkelmann is plainly tied to Dr. Dare's deposition testimony. But there is no reason why Dr. Dare's unfavorable testimony could not have been discovered earlier. A complete understanding of Dr. Dare's testimony would have enabled Roberson to designate someone who could better support his claims. In other words, the explanation for the failure to designate Dr. Winkelmann in a timely fashion is Roberson's failure to develop his case during discovery. That weighs in favor of excluding the late designation.

On the second factor, Dr. Winkelmann's testimony may be important to Roberson's case, as he may be the sole remaining expert who could support Roberson's theory of liability. It is also possible, though, that Dr. Winkelmann's testimony could be unimportant: at a deposition he could, like Dr. Dare, testify that the government's negligence did not cause Roberson's injuries owing to Roberson's excellent self-care. As in other cases, "[t]he claimed importance of expert testimony underscores the need for [the plaintiff] to have timely designated his expert witness so that [the defendant] could prepare for trial." *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990) (citation omitted) (affirming trial court's exclusion of late-designated expert).

It is evident that the third factor supports the government, since it would be prejudiced by having to depose Dr. Winkelmann to identify his testimony, (possibly) designate its own new expert to refute his testimony, and prepare to defend a new theory of liability.

On the fourth and final element, a continuance could provide the government some relief. And yet, "[o]bviously, a continuance would have resulted in additional delay and increased the expense of defending the lawsuit." *Hamburger*, 361 F.3d at 883 (quotation marks and citation omitted).

"Because of a trial court's need to control its docket, a party's violation of the court's scheduling order should not routinely justify a continuance." *Id.* at 884. The Court concludes that this is not the exceptional case warranting relief from the scheduling order after the close of the discovery period. The untimely expert designation of Dr. Winkelmann will be stricken.[3]

## V. Conclusion

The motion to strike is granted.

The Court has reviewed the motion for summary judgment. Dr. Dare's deposition excerpts appear to be incomplete; at one point, a potentially important answer regarding causation is cut off mid-sentence, right at a page break. *See* Docket No. 60-1, at 5. On or before December 22, the government shall provide the page or pages reflecting Dr. Dare's complete response, or the entire deposition. If Roberson feels that there are other relevant but unproduced

---

[3] There are pitfalls in litigation and these hazards can be difficult for *pro se* litigants to navigate. A *pro se* litigant's "unfamiliarity with court proceedings does not relieve him" of the duty to abide by procedural rules, though. *Washington v. Jackson State Univ.*, 532 F. Supp. 2d 804, 809 (S.D. Miss. 2006); *see Mikesell v. Brown*, 55 F. App'x 717, at *1 n.1 (5th Cir. 2002) (unpublished) (*pro se* litigants "are not free from the rules of procedure applicable to other parties"). The fact that Roberson learned for the first time during Dr. Dare's deposition that Dr. Dare did not support his theory of the case is not sufficient cause for the Court to allow him to make this untimely designation. And there is no suggestion that the defendant interfered with Roberson's opportunity to learn of Dr. Dare's views earlier in the discovery period.

portions of the deposition on that question, he may submit them to the Clerk on or before December 31.

**SO ORDERED**, this the 15th day of December, 2014.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE