IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARTIN ROBERSON                                                                                    PLAINTIFF

V.                                                                              CAUSE NO. 3:13-CV-346-CWR-FKB

UNITED STATES OF AMERICA                                                                      DEFENDANT

### ORDER

Before the Court are the plaintiff's motion to amend the complaint and the defendant's motion for summary judgment. Docket Nos. 60, 74. The motions are fully briefed and ready for adjudication.

I.      **Factual and Procedural History**

On September 23, 2007, Martin Roberson, a federal inmate, injured his left knee during a recreational activity. Docket No. 1, at 2. He was treated that day and afterward, but was not seen by a specialist until December 6, 2007, and did not receive reconstructive surgery until February 13, 2008. *Id.*

In this Federal Tort Claims Act (FTCA) case, Roberson claims the government's delay in providing specialist care and surgery was negligent and caused permanently compromised knee function. *Id.*; *see also* Docket No. 36, at 2-3 (First Amended Complaint).

During discovery, Roberson designated treating physicians Theodore Okechuku and Daniel Dare as expert witnesses. Docket Nos. 16, 39. Another expert designation was later stricken as untimely. Docket No. 66.

The government argues that summary judgment is warranted because neither of Roberson's properly-designated experts have provided supportive testimony on the standard of care or causation. Dr. Dare, for example, testified that one of Roberson's injuries was "synovial

thickening and scar" – also known as plica – which could have occurred as a result of the recreational injury alone, not necessarily because of a delay in treatment. Docket No. 63-2, at 7.

Roberson acknowledges that "[t]he record is silent on the critical issues of the standard of care and causation with respect to the issues raised in the complaint." Docket No. 63, at 4. He argues, though, that the government also failed to provide for his "postoperative physical therapy rehabilitation" needs *after* the February 2008 surgery. *Id.* And perhaps because this physical therapy claim is new, *see* Docket No. 66, at 2 n.2, Roberson has moved for leave to amend his complaint to add that theory.

The Court will begin with the motion to amend.

## II.     Motion to Amend

Where, as here, a motion to amend the complaint is filed after the amendment deadline in the Case Management Order has passed, a four-part test applies. The Court considers "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) (quotation marks, citation, and brackets omitted).

Applied here, the factors do not support Roberson's request.

First, before the amendment deadline expired, Roberson had ample opportunity to advance a lack-of-physical-therapy theory. Although Roberson's reply brief blames his new theory on a medical record which he claims the government wrongfully withheld, Docket No. 79, it cannot be determined whether that is actually the case, since "a party may not raise an argument for the first time in a rebuttal." *Housdan v. JPMorgan Chase Bank, N.A.*, No. 3:13-CV-543, 2014 WL 4814760, at *8 (S.D. Miss. Sept. 24, 2014) (collecting cases). Even assuming

2

Roberson was unaware of the need for physical therapy, however, a consulting physician could have told him and developed that theory for him before the complaint was filed or before the amendment deadline passed.

Next, it is not clear whether the amendment is important to Roberson's case. Dr. Dare testified that Roberson "did well" without physical therapy and "got a very remarkable recovery considering" the circumstances. Docket No. 63-2, at 8. Despite the uncertainty, the Court will credit this factor to Roberson out of an abundance of caution.

Third, the filing of an amended complaint after discovery has been completed and after the government moved for summary judgment would prejudice the government, which would have to conduct additional discovery. *See S&W*, 315 F.3d at 536-37; *see also Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (affirming district court's denial of motion to amend filed two months *before* the close of discovery, reasoning that "Marriott would have been prejudiced if it had been forced to defend against a new claim and basis for recovery so late in the litigation"); *Taylor v. Otis Elevator Co.*, No. 3:11-CV-587, 2012 WL 3059408, at *3 (S.D. Miss. July 25, 2012) ("[T]o wait until after the close of discovery and the filing of a motion for summary judgment before requesting more time is tantamount to requesting that this Court abuse its discretion.").

Finally, although a continuance could be granted, the additional discovery would cause further delay in the resolution of this case. *See S&W*, 315 F.3d at 537. The Court thinks this case has been delayed long enough.

Considering these factors, the motion to amend will be denied.

### III.   Motion for Summary Judgment

#### A.   Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking to avoid summary judgment must identify admissible evidence in the record showing a fact dispute. *Id.* at 56(c)(1). "Once a summary judgment motion is made and properly supported, the nonmovant must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. Neither 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the nonmovant's burden." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (quotation marks and citations omitted).

The Court views the evidence and draws reasonable inferences in the light most favorable to the nonmovant. *Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011). But the Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands, Ltd. v. Wash. Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as revised on denial of reh'g*, 70 F.3d 26 (5th Cir. 1995).

#### B.   Discussion

The FTCA "requires the Government's liability to be measured in accordance with the law of the state where the alleged act or omission occurred." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 287 (5th Cir. 2012) (citations omitted). Accordingly, Mississippi substantive law applies.

Under Mississippi law, in a medical malpractice suit, an expert must "identify and articulate the requisite standard [of care] that was not complied with." *Hubbard v. Wansley*, 954 So. 2d 951, 957 (Miss. 2007) (quotation marks and citation omitted). "Where a plaintiff fails to

present expert testimony as to the applicable standard of care, breach thereof, and proximate causation, summary judgment is mandated." *Crosthwait v. S. Health Corp. of Hous.*, 94 So. 3d 1070, 1074 (Miss. 2012) (citation omitted); *see also Vicksburg Healthcare, LLC v. Dees*, 152 So. 3d 1171, 1174 (Miss. 2014) ("this Court has been consistent in finding that a plaintiff's failure to provide expert testimony establishing a prima facie case of medical negligence generally requires a grant of summary judgment").

In this case, Dr. Dare provided expert testimony on the standard of care applicable to orthopedic surgeons such as himself. *See* Docket No. 60-1, at 9. That testimony is irrelevant to this case. Roberson does not argue that the orthopedic surgeon committed malpractice.

Roberson instead claims that Federal Bureau of Prisons (BOP) physicians were negligent in getting him to the orthopedic surgeon. *See* Docket No. 63, at 6 ("Dr. Dare did his job, however, the BOP failed to do [theirs] . . . ."). As a result, he was required to have an expert testify about the standard of care general practitioners must follow in diagnosing a problem and promptly referring a patient to an appropriate specialist.[1] But neither of Roberson's experts provided this testimony. Dr. Okechuku has not provided any testimony and Dr. Dare refused to describe any standard of care but his own. *See* Docket No. 60-1, at 12.

Under Mississippi law, the lack of evidence on the appropriate standard of care requires entry of summary judgment against Roberson.

IV.     **Conclusion**

The motion to amend is denied and the motion for summary judgment is granted. A

---

[1] Roberson acknowledges that "there is more than one standard of care" in this case. Docket No. 63, at 7.

separate Final Judgment shall issue this day.

**SO ORDERED**, this the 4th day of August, 2015.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE